(134 So. 906)

**Succession of LEVY.**

No. 28150.

April 27, 1931.

W. S. Lewis, of New Orleans, for appellant.

H. W. Kaiser, Thomas Tomeny, and John H. Hammel, Jr., all of New Orleans, for appellee Mrs. Fannie Levy Kolner.

BRUNOT, J.

Mrs. Lazard Levy died testate on December 12, 1925, leaving two forced heirs, viz., Miss Sarah Block and Miss Fanny Levy, now Mrs. Kolner, and an estate valued at $10,700. The will was probated, the testamentary executrix qualified, and, in due time, filed her final account.

Pending homologation of the account, Miss Sarah Block brought this suit, the purpose of which is to annul the testatrix' bequest of the disposable portion of her estate to the plaintiff's sister and coheir. The executrix excepted to the petition as not disclosing a right or cause of action. The exception of no cause of action was maintained and the plaintiff appealed.

The contested clause of the decedent's will is as follows:

"My name is Reine Picard. I have two children viz: Sarah Block, the issue of my first marriage with the late Cerf Block, and Fanny Levy, the issue of my marriage with Lazar Levy. I give and bequeath to my said daughter, Fanny Levy, all and everything I may die possessed of, and also especially desire that she have all of my jewelry and silverware. I desire that my daughter Sarah Block, be given only that portion of my estate that the law forces me to give to her or reserve for her. I appoint my daughter, Fanny Levy, the executrix of my estate with full seizen and without bond."

The only issue presented is whether or not the testatrix has declared her intention to prefer one of her daughters to the prejudice of the other, in such a manner as to exempt the donee from the obligation to collate the sum of the bequest in excess of the legitime.

With respect to the donor's declaration of intention, articles 1501 and 1233, Rev. Civ. Code, are controlling. It is suggested that these articles are in conflict. The trial judge found, and we concur in his conclusion, that they are in harmony and should be read together, because they relate to the same subject-matter and have the same general purpose.

The pertinent parts of article 1501 and article 1233 are as follows:

"Art. 1501. The disposable quantum may be given in whole by an act inter vivos or mortis causa, to one or more of the disposer's children or successible descendants, * * * without its being liable to be brought into the succession by the donee or legatee, provided it be expressly declared by the donor that this disposition is intended to be over and above the legitimate portion."

"Art. 1233. The declaration that the gift or legacy is intended as an advantage or extra

portion, may be made in other equivalent terms, provided they indicate, in an unequivocal manner, that such was the will of the donor."

It only remains to determine whether or not the language used in the contested clause of the will indicates in an unequivocal manner that it was the testatrix' intention to give to her daughter, Mrs. Fanny Kolner, the disposable portion of her estate as an advantage or extra portion. She declares that she has two children, Sarah Block and Fanny Levy. She gives to Fanny Levy all that she may die possessed of; and she desires that her daughter, Sarah Block, be given only that portion of the estate which the law reserves to her.

We think the language used by the testatrix indicates in an unequivocal manner the intention of the testatrix to prefer her daughter, Fanny Levy, to the prejudice of her daughter, Sarah Block, and to give to the former, as an extra part, all of her estate that the law permits her to bequeath to the prejudice of her forced heirs.

We think this conclusion is fully supported by Jordan v. Filmore, 167 La. 725, 120 So. 275, and Succession of Maltry, 161 La. 1032, 109 So. 827.

In Jordan v. Filmore, the author of this opinion dissented from the conclusion reached by a majority of the court that: "Only when disposable portion is given by donation inter vivos must it be expressly declared to be extra portion to exempt donee from collation." It is the writer's opinion that articles 1501 and 1233, Rev. Civ. Code, apply to all donations.

For the reasons stated, the judgment appealed from is affirmed at appellant's cost.